UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

```
-------------------------------------------------
IN RE:                          )   CASE NO.        08-30163 (ASD)
                                )
KEVIN PATRICK WALSH,            )   CHAPTER         7
                                )
        DEBTOR.                 )   Re: Doc. I.D. No.   22
                                )
-------------------------------------------------
```

**BRIEF MEMORANDUM AND ORDER ON MOTION TO VACATE**

After notice and a hearing held May 14, 2008 (hereafter, the "Hearing"), on Bank of America's (hereafter, the "Movant) Motion to Vacate (hereafter, the "Motion to Vacate"), Doc. I.D. No.  22, and the Debtor's Objection to Motion to Vacate (hereafter, the "Objection"), Doc. I.D. No. 25,  and the Court having considered the Motion to Vacate, the Objection, other relevant files and records of the case, and the arguments of counsel at the Hearing, and

**IT APPEARING** that on April 11, 2008, the Movant filed a Motion to Extend Time to File Complaint Under Section 523(a) (hereafter, the "Motion to Extend Time"), Doc. I.D. No.  11, requesting a 30-day  extension of time to May 14, 2008 within which to file a complaint to determine dischargeability of a debt, representing therein that:

> counsel and counsel for the debtor are entertaining preliminary discussions in an effort to resolve movant's potential claim but there is insufficient time to do so prior to the deadline of April 14, 2008 for dischargeability complaints [and]
>
> [a]fter discussion, *debtor's counsel has consented to a thirty day extension*.

(emphasis added)

and

**IT IS FURTHER APPEARING**  that the Debtor,  "having reluctantly agreed to a nominal settlement" (hereafter, the "Settlement"), see Objection, ¶ 4, and to facilitate the agreed thirty day extension, "prepared and forwarded to the Movant's attorney a sample stipulated Order Extending Time [to May 14, 2008, to file a Complaint to Determine Dischargeability of Debt Pursuant to Section 523]" (hereafter, the "Stipulated Order"), id., and

**IT IS FURTHER APPEARING** that the Movant neglected to timely file the Stipulated Order resulting in the denial of the Motion to Extend Time, and

**IT FURTHER APPEARING** that the granting of the Motion to Vacate and other relief as conditioned herein will not prejudice the Debtor in any significant way, and

 **IT FURTHER APPEARING** that the Court has not been hindered to any substantial degree in its administration of the case by the failure of the Movant to prepare and timely file the Stipulated Order.

Accordingly, to resolve the present matter the Court deems it appropriate to determine whether the Debtor, who allegedly engaged in conduct warranting a determination of nondischargeability as to the Movant's debt, and who agreed to the extension of time requested in the Motion in order to effect the Settlement, should profit by the neglect of Movant's attorney, as counsel for a party which may have a legitimate claim, to file a proposed and stipulated order. Under all the circumstances attending this matter, equity should tolerate the negligence rather than advantage the Debtor.

Therefore, pursuant to Fed. R. Civ. P.  60(b), for excusable neglect:

**IT IS HEREBY ORDERED** that the Motion to Vacate is  **GRANTED** – the Order

2

denying the Motion to Extend Time entered April 16, 2008, Doc. I.D. No.  18,  is

**VACATED**, and

  **IT IS FURTHER ORDERED** the Movant shall have until <u>May 15, 2008</u>,[1] to file a

complaint seeking a determination of nondischargeability of debt pursuant to Section

523, and

  **IT IS FURTHER ORDERED** that any judgment determining the debt of the

Debtor to the Movant to be nondischargeable shall not exceed the dollar amount of the

Settlement.

Dated: May 14, 2008                                    BY THE COURT


                                          Albert S. Dabrowski
                                    **Chief United States Bankruptcy Judge**

---

[1]At the Hearing counsel for the Movant stated he could comply with a May 14, 2008, Bar Date
were the Court to render its decision on the Hearing date. However, the Court, having not forwarded this
Memorandum and Order to the Clerk for docketing and service until after 5:00 PM, deems it appropriate to
further extend the Bar Date an additional day.